Allen, J.
David Jaques was indicted in the Circuit court of Harrison county for burning a storehouse of Charles Lewis, together with various articles of merchandise, the property of said Lewis. A bill of exceptions taken by the prisoner to a decision of the court, sets forth that during the progress of empanneling the jury for the trial of the cause, and before the completion of the panel, or the venire had been ex *691 hausted, one Hiram J. Lyneh, a venireman, was called, and being sworn' upon his voir dire, stated, that he was the nephew of the said Charles whose store-house is in the indictment alleged to have been burned. That his the said Lynch’s father was the brother of the deceased wife of the said Charles Lewis. Thereupon the prisoner objected to the said H. J. Lynch as a juryman; but the court overruled the objection and admitted him as such; to which opinion of the court the prisoner excepted.
The common law was watchful over the purity of the jury trial, and to secure the.fair administration of justice, guarded against the influence of those passions most likely to pervert the judgments of men in deciding upon the conduct. and controversies of their fellow-men.
If a juror have any direct interest in the matter to be tried, the law considers him under an influence which may warp his opinions, and will not confide in him. And upon the same principle, though he might not have any direct interest in the controversy, yet if he were related ,to either of the parties to the suit in the ninth degree, such relationship constituted a principal cause of challenge, which left no discretion to the court. A principal cause of challenge being grounded on such a manifest presumption of partiality, that if it be found true, the law sets aside the juror; whereas a challenge to the favor leaves it to the discretion of the triers.
In Coke Lit. 157 a, it is said, that if the juror be of blood or kindred of either party, it is a principal challenge ; for the law presumeth that one kinsman doth favor another more than a stranger. And the same author says that affinity or alliance by marriage, is a principal challenge, and equivalent to consanguinity where it is between either of the parties, and the same continues or issue be had : And so it was decided in the case of Marshall v. Eure, 1 Dyer 37 b, which was *692 a challenge to the array. The challenge was that the sheriff was cousin to the defendant: In fact he was cousin to the defendant’s wife. The court held that £jje variance was immaterial; that it was a cause of principal challenge as well as cousinage to the defendant himself. In 1 Chit. Cri. Law 541, it is said that if the juror is related to either party, within the ninth degree, though it is only by marriage, a principal challenge will be admitted. It is further declared by Coke 157 a, that the marriage must continue or issue be had to continue the affinity, so as to constitute it a principal challenge; for which Mounson & West’s Case, 1 Leon. R. 88 is cited. That was a challenge to the array because the wife of the sheriff was cousin of the plaintiff, she being dead, leaving issue. Anderson, Ch. J. at first thought it a challenge to the favor being for affinity; but said that “ affinity was presumed in law not indifferent as to jurors, but not as to sheriffs.” Afterwards Anderson concurred with two of the other judges in holding it to be a principal challenge, in accordance with the decision in Dyer before referred to. Nothing is said in the report of the case as to the necessity of the marriage continuing or that issue be had, although in the statement of the case it is set forth, that she was dead leaving issue. The case shows, however, that in the opinion of Anderson there was a difference between a juror and the sheriff', for though he at first doubted whether affinity in the sheriff was a cause of principal challenge to the array, yet he conceded that affinity was presumed in law not indifferent as to jurors.
But supposing the inference from the case of Mounson & West was correct, it does not decide that the party challenging is bound to show more than the marriage before the ai-ray was made out; doing this he shows a prima facie cause of principal challenge; and the burden devolves on the other side to show it has terminated by the death of the wife without issue. *693 The case from Dyer had previously decided that the party must show that the marriage was before the time of arraying the panel, otherwise it might be intended that the defendant had married his wife after the panel was made out. If therefore in the present case Lewis had been a party on the record, the prisoner, according to the bill of exceptions, would in the absence of all other evidence, have made out a cause of principal challenge, it not appearing that the deceased wife of Lewis had not left issue.
In this case, however, it is contended by the Attorney General, that as Lewis was no party to the prosecution, and had no interest in the result, his relationship to the juror can constitute no cause of principal challenge or to the favor. As a general rule it may be true that to make out a cause of principal challenge the consanguinity or affinity must be between the juror and one of the parties to the record. Yet when we look to the principle upon which the doctrine rests, which is the legal presumption that one standing in a near relation to one of the parties to the controversy is not indifferent, it is very evident that the reason of the rule would apply to cases although the party to whom the juror was related was not strictly a party to the record. Although the person injured be not, technically speaking, a party to the record, and is not prosecutor, and has no pecuniary interest in the result, yet if he were called as a juror, the fact that he was the injured person would, I conceive, be sufficient of itself, and constitute a cause of principal challenge. There would be nothing in such case to leave to the discretion or conscience of the triers. Professor Davis, in his Treatise on Criminal Law 451, treats relationship to the accused or the party injured as cause of principal challenge; and for the plain reason, that it carries with it prima facie evidence of malice or favor. He cites no authority, and perhaps the literal rule as laid down by Coke, (who *694 seems to have been followed by all subsequent writers w^en discussing this subject,) confines the principal to relationship to one of the parties to the recorc[_ But his observations were made with reference f0 controversies between individuals: And in applying the principle to criminal prosecutions, regard should be had rather to the reason than the letter of the rule.
But treating it for the purposes of the present case, as a challenge concluding to the favor, because the party injured is not a party to the record; the objection falls under another class, where according to Coke, although the challenge concludes to the favor, the cause of favor is apparent; and would be a principal challenge if he were a party to the record. If the juror be of kindred or under distress of him in reversion or remainder, &c. these are not, he says, principal challenges, because he in reversion or remainder is not party to the record ; but yet they come nearer to the principal challenge than to the other.
In England, such a challenge would have been referred to the conscience and discretion of the triers; but the favor being apparent, they would have been instructed that the juror did not stand indifferent. With us, where the question is determined by the court without the intervention of triers, the distinction between a principal challenge and a challenge to the favor ceases to be of much practical importance. On the case as made out by the bill of exceptions, it would have been a cause of principal challenge if Lewis had been a party to the record; and if to be treated as a challenge to the favor because the party injured is not a party to the record, the favor upon the proof was apparent, and no circumstance was adduced to impair the force of the objection.
It is unnecessary to enquire what circumstances, if any, could obviate such an objection to the juror, treating it as a challenge to the faivor merely. The *695 distinction between the two kinds of challenge as applicable to such a cause is merely technical, as appears from Coke’s remarks. The challenge would be principal if the relationship were to a party to the record. It becomes a challenge to the favor because the party injured is not such party to the record. But the object in each case is to secure an impartial jury; and it must be obvious to all conversant with criminal prosecutions, that the feelings of the party injured and of Ms relations, are generally more excited by a personal wrong or an injury to property resulting in a prosecution for felony, than in ordinary controversies involving mere questions of property. If the purpose of allowing the challenge be to guard against an influence of the passions most likely to pervert the judgment when deciding questions involving the character, liberty or life of the citizen, a person standing in the relation of a nephew by marriage to the party whose property is charged to have been destroyed by the incendiary, could not be considered as standing indifferent between the commonwealth and the accused. I think upon the facts as detailed in the bill of exceptions, the court erred in receiving Hiram J. Lynch as one of the panel, and that for this error the judgment should be reversed, the verdict set aside and a new trial awarded.
Several other questions were presented by the record, but as the judgment must be reversed and a new trial be had, upon which the facts may not be the same, it is unnecessary to express any opinion thereon.
The other judges concurred in the opinion of Allen, J.
Judgment reversed.